*Joanne Hayden, Debtor*

**Joanne Hayden**
      *Plaintiff,*

& United States Department of Education

Defendant

Adv. Proceeding Number: 25-

Case No. 24-10235

# DEBTOR'S COMPLAINT TO DETERMINE DISCHARGEABILITY OF STUDENT LOANS

**PRELIMINARY STATEMENT**

1. This is an adversary proceeding brought under the Bankruptcy Code, 11 U.S.C. § 523(a)(8), to determine the dischargeability of an educational loan made, insured or guaranteed by a governmental unit.

1

2. Jurisdiction of the bankruptcy court in this matter is provided by 28 U.S.C. §§ 1334 and 157 and the Order of the United States District Court for this district dated July 25, 1984.

3. This is a core proceeding.

## PARTIES

4. Plaintiff ( hereinafter JP ) is the debtor in above-captioned chapter 7 case.

5. Defendant Linda McMahon is the Secretary of the Department of Education ("DOE") and as such is the chief executive official of an agency of the United States. DOE is the

originator and owner of these student loans.

**FACTUAL ALLEGATIONS**

6. Paragraphs one through 5 are herein incorporated by reference.

7. It appears approximately 56k was borrowed for a BA and MA at St. Michael's College between 2002 and 2004. JP did obtain her degrees and is presently a clinical psychologist with a small practice. She still owes the whopping total of $159,000 to $170,000 with accumulated charges and interests.

3

## Count I--Undue Hardship

8. Paragraphs one through 7 are herein incorporated by reference. Plaintiff-debtor's present income consists of approximately $4100/month earned from a small counseling business.  This amount is not even adequate for her to afford  the basic necessities of life, as she is the red every month.

9. JP lacks the resources to repay the student loans  and  any payments she  would  make  would  be  at  a great hardship, as her Schedule J

4

evinces. Excepting the loans from discharge would impose an undue hardship on her.

10. The above-described student loan debts are dischargeable under 11 U.S.C. § 523(a)(8)(B).

13. JP meets all prongs of the *Brunner* Test, viz:

**Prong 1**`-She can't maintain a minimal standard of living for herself if forced to repay her loans, *viz*:

*Shee is in her 60s. Works in a small town. Her practice has negligible growth potential. She will not be able to pay these loans within her life expectancy ( 17 years ).*

**Prong 2**- Her current financial situation is unlikely to change during the repayment period, *viz*:

*As indicated her practice has had very little growth potential and she personally operates in the red at the end of each month.*

Case 25-01006 Doc 3-1 Filed 07/01/25 Entered 07/01/25 16:22:40 Desc Main Document Page 6 of 6

Prong 3 - JP can demonstrate she made a good-faith effort to repay the student loans ( JP has paid more than 20k toward the student loans ).

## Prayer for Relief

**WHEREFORE, Plaintiff-Debtor requests the this Court:**

1. Assume jurisdiction of this case;

2. Declare the subject student loans dischargeable, partially of fully, under 11 U.S.C. § 523(a)(8);

3. Award the debtor's counsel reasonable attorney's fees and;

4. Grant the debtor any other appropriate relief.

**Dated at Colchester, Vermont, this July 1, 2025.**

/s/ Todd Taylor